UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE IBEW/NECA SOUND AND COMMUNICATIONS HEALTH AND WELFARE TRUST, IBEW NINTH DISTRICT PENSION TRUST, NORTHERN CALIFORNIA JOINT APPRENTICESHIP AND TRAINING TRUST, NORTHERN CALIFORNIA LABOR MANAGEMENT COOPERATION TRUST, AND THE NATIONAL ELECTRICAL BENEFIT TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>HALL-MARK SERVICES, INC., a corporation, and GARY MOODY, an individual d.b.a. HALL-MARK ELECTRICAL SERVICE,<br><br>Defendants. | Case No.: 5:12-CV-01381 EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: Docket No. 14] |

In this ERISA enforcement action, Plaintiffs Trustees of the IBEW/NECA Sound and Communications Health and Welfare Trust, IBEW Ninth District Pension Trust, Northern California Joint Apprenticeship and Training Trust, Northern California Labor Management Cooperation Trust, and the National Electrical Benefit Trust ("Plaintiffs") move for an entry of default judgment against Defendant Hall-Mark Services, Inc. ("Hall Mark") and Gary Moody ("Moody") (collectively "Defendant"). Having reviewed Plaintiffs' submissions, the Court finds this matter appropriate for decision without oral argument. See Civil L.R. 7–1(b). For the following reasons, the motion is GRANTED.

# I. BACKGROUND

Plaintiffs are trustees of the IBEW/NECA Sound and Communications Health and Welfare Trust, IBEW Ninth District Pension Trust, Northern California Joint Apprenticeship and Training Trust, Northern California Labor Management Cooperation Trust, and the National Electrical Benefit Trust (collectively "Trusts"). The Trusts are multi-employer employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1002(3), (37); 29 U.S.C. § 1132(d)(1); Compl. ¶ 3, Docket Item No. 1. Under the terms of the collective bargaining agreement ("CBA") the International Brotherhood of Electrical Workers ("IBEW") enters into with its employers, the employers must make contributions to the Trusts. Id. The Trustees to the Funds have the authority and duty to administer the Funds, which includes the collection of unpaid employer contributions and related losses. Id.

Plaintiffs have alleged that Defendants agreed to be bound to the terms and conditions of the CBA. Id. ¶¶ 6–7; Id. Ex. A. As such, the agreement required Defendants to make specific payment contributions into the Trusts. Id. The agreement also provides that employers who fail to make timely contributions into the Trust Funds are liable for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs. Id. ¶ 13. Plaintiffs allege that Defendants failed to make certain payments during a period between August and December 2011. Id. ¶ 12.

Plaintiffs filed this action on March 12, 2012. See id. Pursuant to Plaintiffs' request, the Clerk entered Defendants' default on June 15, 2012. See Docket Item No. 12. On October 11, 2012, Plaintiffs filed this Motion for Default Judgment. See Docket Item No. 14.

# II. DISCUSSION

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the

district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987).

**B. Jurisdiction**

Courts have an affirmative duty to examine their own jurisdiction—both subject matter and personal jurisdiction—when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e), which bestows jurisdiction to United States district courts over civil enforcement of ERISA violations. Personal jurisdiction arises from service upon Defendants in California. See Docket Item No. 4; Burnham v. Sup. Ct., 495 U.S. 604, 610–11 (1990).

**C. The Eital Factors**

Application of the facts of this case to the Eital factors favors entry of default judgment against Defendants.

First, if the motion were denied, Plaintiffs may be unable to recover and provide the contributions owed to the beneficiaries and members of the Trust Funds. In that regard, failure to enter default judgment would result in prejudice to Plaintiffs and the parties they represent.

Second, as evinced by the Complaint, Plaintiffs have brought forth a meritorious claim. Default judgment cannot be entered if a complaint fails to state a claim for which relief can be granted. See Moore v. United Kingdom, 384 F.3d 1079, 1090 (9th Cir. 2004). In this case, Plaintiffs claim that Defendants have violated both ERISA and the Labor Management Relations

Act ("LMRA") in their failure to pay contributions to the Trusts pursuant to the collective bargaining agreement it entered into. These allegations are sufficient to state a claim for relief under the pleading standards of Federal Rule of Civil Procedure 8.

Third, the sum of money at stake in this action is relatively small. A large sum of money at stake is a factor disfavoring default judgment. See Eitel, 782 F.2d at 1472 (considering an amount in controversy of $2.9 million to be a factor, in light of others, for affirming the denial of default judgment). In this case, Plaintiffs have asked for a total judgment of approximately $44,000, a far cry from the $2.9 million contemplated in Eitel. The modest sum in controversy in the case at hand weighs in favor of entering default judgment.

Fourth, there is no dispute of material fact. Indications that there is a dispute of material fact weigh against entry of default judgment. Eitel, 783 F.2d at 1471–72. Here, Defendants have not disputed any of Plaintiffs' contentions, and all material facts are verifiable.

Fifth, it is unlikely that default was the result of excusable neglect. This action was filed nearly four months ago and Defendants were properly served. Defendants are aware of the payment obligations for which it is responsible.

And sixth, although federal policy generally disfavors the entry of default judgment, all of the Eitel factors weigh in favor of a default judgment here. Therefore, the motion to enter default judgment will be granted.

**D. Damages**

Plaintiffs' action is based on the statutory duty provided by § 515 of ERISA, which states that an employer who is obligated to make contributions to a multi-employer plan must do so in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. § 1145. Section 502(g) of ERISA states that in an action to enforce section 1145, the court shall award the plan unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Plaintiffs seek interest on delinquent and unpaid contributions, as well as liquidated damages, attorneys' fees, and costs for a total of $43,765.48.

According to the Ninth Circuit,

> Section 1132(g) (2) of ERISA provides that when there is a judgment in favor of an employment benefit trust, the court shall award the trust unpaid contributions, interest on unpaid contributions, liquidated damages in some instances, and reasonable attorney fees. The language "shall award" denotes that such an award is mandatory. While attorney's fees are discretionary in the case of many ERISA claims, we have recognized on numerous occasions that attorney's fees are not discretionary in section 1132(g)(2) cases.

Operating Engineers Pension Trust v. A–C Co., 859 F.2d 1336, 1342 (9th Cir. 1988) (citations omitted). Plaintiffs are therefore entitled to the award of unpaid contributions and interest as well as attorneys' fees and costs.

Additionally, Plaintiffs seek liquidated damages. In order to award statutory liquidated damages in the Ninth Circuit, (1) the fiduciary must obtain a judgment in favor of the plan, (2) unpaid contributions must exist at the time of suit, and (3) the plan must provide for liquidated damages. Once the provision applies, liquidated damages are mandatory. Idaho Plumbers & Pipe Fitters Health & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

Here, all three requirements for liquidated damages are satisfied. Certain contributions for the months between August and December 2011 were unpaid, and remain unpaid to date. Compl. ¶ 12. Furthermore, the agreement between Plaintiffs and Defendants provided for liquidated damages. Thus, Plaintiffs are entitled to an award of unpaid contributions and interest, liquidated damages, and attorneys' fees and costs in the total amount of $43,765.48.

### III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiffs' motion for entry of default judgment is GRANTED in the amount of $43,765.48. Judgment will be entered accordingly, and the Clerk shall then close this file.

5

Case No.: 5:12-CV-01381 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**IT IS SO ORDERED.**

Dated: October 31, 2012

_____
EDWARD J. DAVILA
United States District Judge